|  |  |
|---|---|
| WAREHOUSE SOLUTION INC. d/b/a INTELLIGENT AUDIT,<br><br>                                                    Plaintiff,<br><br>vs.<br><br><br>CHRISTOPHER COLOMB and ENVISTA, LLC,<br><br>                                                    Defendants. | UNITED STATES DISTRICT COURT<br>DISTRICT OF NEW JERSEY<br><br>Civil Action No. 2:21-cv-8942-KM-CLW<br><br>*DOCUMENT FILED ELECTRONICALLY*<br><br><br>**NOTICE OF MOTION** |

___

### MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT ENVISTA, LLC'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT FOR LACK OF JURISDICTION AND IMPROPER VENUE PURSUANT TO RULE 12(B)(2) AND (3)

___

**DENTONS US LLP**
101 JFK Parkway, 4th Floor
Short Hills, NJ 07078
Tel:  (973) 912-7100

*Attorneys for Defendant enVista, LLC*

Of Counsel and on the Brief:

    John R. Vales, Esq.
    Erika M. Lopes-McLeman, Esq.

**TABLE OF CONTENTS**

**Page**

INTRODUCTION ..................................................................................................1

LEGAL STANDARD............................................................................................1

FACTUAL ALLEGATIONS ................................................................................2

ARGUMENT.........................................................................................................3

    1.    The Complaint Should Be Dismissed Against enVista Because The Court Does Not Have Personal Jurisdiction. ........................................................3

    2.    There Is No General Jurisdiction Over enVista Because enVista Is Not "At Home" In New Jersey. ..................................................................................4

    3.    There Is No Specific Jurisdiction Over enVista Because The Complaint Fails To Allege That enVista Engaged In Continuous Or Systematic Conduct In Relation To New Jersey Or Intelligent Audit's Claims. ............5

    4.    Venue Is Improper ........................................................................................8

CONCLUSION....................................................................................................10

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Atl. Marine Constr. Co. v. U.S. Dist. Ct. for W. Dist. of Tex.*,
   571 U.S. 49 (2013) ................................................................................................................8

*Bockman v. First Am. Mktg. Corp.*,
   459 F. App'x 157,158 (3d Cir. 2012) ................................................................................2, 8

*Bristol-Myers Squibb Co. v. Superior Court*,
   137 S. Ct. 1773 (2017) ..........................................................................................................5

*Calder v. Jones*,
   465 U.S. 783 (1984) ..............................................................................................................6

*Carteret Sav. Bank, FA v. Shushan*,
   954 F.2d 141 (3d Cir. 1992) ..............................................................................................1, 4

*Cmty. Surgical Supply of Toms River, Inc. v. Medline DiaMed, LLC*,
   No. 11-00221, 2011 WL 3235706 (D.N.J. July 27, 2011) ....................................................9

*Cottman Transmission Sys., Inc. v. Martino*,
   36 F.3d 291 (3d Cir. 1994) ....................................................................................................8

*Daimler AG v. Bauman*,
   571 U.S. 117 (2014) ..............................................................................................................4

*Frazier Indus. Co. v. Logrecco*,
   Civil Action No. 18-12426, 2019 U.S. Dist. LEXIS 112233 (D.N.J. July 2, 2019) ..................7

*Great W. Mining & Min. Co. v. ADR Options, Inc.*,
   434 F. App'x 83 (3d Cir. 2011) .............................................................................................1

*Howmedica Osteonics Corp. v. DJO Glob., Inc.*,
   No. 16-2330, 2017 WL 1136671 (D.N.J. Mar. 27, 2017) .....................................................9

*IMO Indus., Inc. v. Kiekert AG*,
   155 F.3d 254 (3d Cir. 1998) ..................................................................................................4

*Malik v. Cabot Oil & Gas Corp.*,
   710 F. App'x 561 (3d Cir. 2017) ...........................................................................................5

*Marten v. Godwin*,
   499 F.3d 290 (3d Cir. 2007) ..................................................................................................6

*MaxLite, Inc. v. ATG Elecs., Inc.*,
    193 F. Supp. 3d 371 (D.N.J. 2016) ..................................................................... 5, 7

*Michael Halebian N.J., Inc. v. Roppe Rubber Corp.*,
    718 F. Supp. 348 (D.N.J. 1989) .............................................................................. 8

*O'Connor v. Sandy Lane Hotel Co.*,
    496 F.3d 312 (3d Cir. 2007) ................................................................................ 4, 5

*Patterson by Patterson v. FBI*,
    893 F.2d 595 (3d Cir. 1990) ................................................................................... 1

*Pinker v. Roche Holdings Ltd.*,
    292 F.3d 361 (3d Cir. 2002) ................................................................................... 1

*Prudential Ins. Co. of Am. v. Figueredo*,
    No. 06-0693 (HAA), 2007 WL 2752093 (D.N.J. Sep. 20, 2007) .......................... 9

*Radian Guar. Inc. v. Bolen*,
    18 F. Supp. 3d 635 (E.D. Pa. 2014) ....................................................................... 7

*Rivera v. Loto Grp., LLC*,
    No. 2:20-cv-4062 (WJM), 2020 WL 7384720 (D.N.J. Dec. 16, 2020) ................. 4

*Shaffer v. Heitner*,
    433 U.S. 186 (1977) ............................................................................................... 4

*Vetrotex Certainteed Corp. v. Consol. Fiber Glass Prods. Co.*,
    75 F.3d 147 (3d Cir. 1996) ..................................................................................... 4

**Statutes**

28 U.S.C. § 1391(b) ........................................................................................................ 8

**Rules**

Fed. R. Civ. P. 4(e) ........................................................................................................ 3

Fed. R. Civ. P. 12(b)(2) .................................................................................................. 1

Fed. R. Civ. P. 12(b)(3) ........................................................................................... 1, 2, 8

N.J. Ct. Rule 4:4-4 .......................................................................................................... 4

Defendant, enVista, LLC ("enVista") submits this Memorandum of Law in Support of its Motion to Dismiss Plaintiff's Complaint for lack of personal jurisdiction and improper venue pursuant to Federal Rules of Civil Procedure 12(b)(2) and (3).

## INTRODUCTION

Plaintiff, Warehouse Solution Inc. d/b/a Intelligent Audit ("Intelligent Audit") filed its Complaint and Jury Demand on April 12, 2021. ECF No. 1. In the Complaint, Intelligent Audit alleges, among other things, that enVista "wrongfully and without justification interfered with" Christopher Colomb's ("Colomb") restrictive covenants with Intelligent Audit by employing him. *Id.* at 6–7 (Count II). However, Intelligent Audit fails to plead any facts alleging that the Court has personal jurisdiction over enVista or that venue is proper. Accordingly, the Complaint must be dismissed against enVista.

## LEGAL STANDARD

Motions to dismiss based on personal jurisdiction are governed by Federal Rule of Civil Procedure 12(b)(2). When a defendant challenges a court's exercise of personal jurisdiction, "the plaintiff bears the burden to prove, by a preponderance of the evidence, facts sufficient to establish personal jurisdiction." *Carteret Sav. Bank, FA v. Shushan*, 954 F.2d 141, 146 (3d Cir. 1992) (citations omitted); *see also Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 368 (3d Cir. 2002). "[The] plaintiff must respond with actual proofs, not mere allegations." *Patterson by Patterson v. FBI*, 893 F.2d 595, 604 (3d Cir. 1990) (quoting *Time Share Vacation Club v. Atl. Resorts, Ltd.*, 735 F.2d 61, 66 n.9 (3d Cir. 1984)).[1]

Motions to dismiss based on improper venue are governed by Federal Rule of Civil Procedure 12(b)(3). The moving party bears the burden of showing improper venue. *Great W.*

---

[1] Because the Complaint only brings state-law claims against Defendants, the Court may only exercise diversity jurisdiction.

1

*Mining & Min. Co. v. ADR Options, Inc.*, 434 F. App'x 83, 86 (3d Cir. 2011) (citing *Myers v. Am. Dental Assoc.*, 695 F.2d 716, 724 (3d Cir. 1982)). When considering a Rule 12(b)(3) motion, the district court accepts well-pleaded allegations in the complaint as true, unless contradicted by the defendant's affidavits. *Bockman v. First Am. Mktg. Corp.*, 459 F. App'x 157, 158 n.1 (3d Cir. 2012) (citations omitted). In addition, the court determines whether venue is proper in accordance with the nature of the action. *Id.*

## FACTUAL ALLEGATIONS

Intelligent Audit, a New Jersey corporation with its principal place of business in New Jersey, provides supply chain technology services. ECF No. 1 at 1, 2 (Compl. ¶¶ 1, 12). Colomb, a former employee of Intelligent Audit, is a citizen of Tennessee. *Id.* at 1 (¶ 2). enVista, an Indiana limited liability company, markets and sells services that are competitive with Intelligent Audit. *Id.* at 4 (¶ 31). None of enVista's members are citizens of New Jersey. *See id.* at 2 (¶ 6)

According to the Complaint, Colomb began working for Intelligent Audit Director, Global Implementations in September 2020. *Id.* at 3 (¶ 16). As part of his employment agreement with Intelligent Audit, Colomb agreed to certain restrictive covenants, including a non-disclosure agreement, non-competition agreement, and non-solicitation agreement. *Id.* at 3–4 (¶¶ 22–26). On March 17, 2021, Colomb resigned his employment with Intelligent Audit. *Id.* at 5 (¶ 30). Colomb never worked in Intelligent Audit's New Jersey office. Declaration of Christopher Colomb dated June 10, 2021 ("Colomb Decl.") ¶ 1.

In June 2020, Zach Zalowitz, an enVista employee located in Atlanta, Georgia, recommended Colomb for employment with enVista. Declaration of Darryl Barr dated June 11, 2021 ("Barr Decl") ¶ 5. Darryl Barr, Vice President of Production Management, located in Indiana, spoke with Colomb in November 2020 and in March 2021. *Id.* ¶¶ 1, 3, 7. Around late and early April, Colomb applied for the open position at enVista. *Id.* ¶ 8. On April 12, 2021, Colomb began

2

working as the Product Manager for myShipINFO® at enVista. ECF No. 1 at 5 (Compl. ¶¶ 34, 38).

On April 12, 2021, Intelligent Audit filed a two-count complaint with one count against Colomb for breach of contract (Count I) and a second count against enVista for tortious interference with contractual relations (Count II). *See* ECF No. 1.

Intelligent Audit has improperly brought this case in New Jersey, a forum with which enVista has insufficient contacts. enVista is an Indiana limited liability company and none of its members are citizens of New Jersey. Furthermore, Intelligent Audit has failed to plead jurisdictional facts against enVista sufficient to subject it to personal jurisdiction in the District of New Jersey. Thus, for the reasons set forth below, this Court does not have personal jurisdiction over enVista, and enVista is entitled to dismissal for lack of personal jurisdiction.

Moreover, this district is not a proper venue because a substantial part of the events or omissions giving rise to Intelligent Audit's claims did not occur in New Jersey. The Southern District of Indiana is the only proper district for this suit against enVista. Indeed, the Southern District of Indiana is where enVista is organized and where all, or essentially all, of the events and omissions giving rise to Intelligent Audit's tortious interference with contractual relations claim occurred. Thus, for the reasons set forth below, the District of New Jersey is an improper venue for the claim against enVista, and enVista is entitled to dismissal for this additional reason.

## ARGUMENT

### 1. The Complaint Should Be Dismissed Against enVista Because The Court Does Not Have Personal Jurisdiction.

A federal court has jurisdiction over a nonresident defendant to the extent authorized by the law of the state in which the court sits, so long as the exercise of jurisdiction comports with the Due Process Clause of the Fourteenth Amendment. Fed. R. Civ. P. 4(e); *Vetrotex Certainteed*

*Corp. v. Consol. Fiber Glass Prods. Co.*, 75 F.3d 147, 150 (3d Cir. 1996). The New Jersey Long Arm Rule permits the assertion of in personam jurisdiction as far as it is constitutionally permissible under the Due Process Clause. N.J. Ct. R. 4:4-4; *Shushan*, 954 F.2d at 145. In turn, personal jurisdiction under the Due Process Clause depends upon "the relationship among the defendant, the forum, and the litigation . . . ." *Shaffer v. Heitner*, 433 U.S. 186, 204 (1977). That is, the Due Process Clause requires the plaintiff to show that the nonresident defendant "has purposefully directed its activities toward the residents of the forum state, . . . or otherwise 'purposefully avail[ed] itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws.'" *IMO Indus., Inc. v. Kiekert AG*, 155 F.3d 254, 259 (3d Cir. 1998) (quoting *Hanson v. Denckla*, 357 U.S. 235, 253 (1958)).

There are two kinds of personal jurisdiction: general and specific. *O'Connor v. Sandy Lane Hotel Co.*, 496 F.3d 312, 317 (3d Cir. 2007). In this case, the Court has neither general or specific jurisdiction over enVista.

### 2. There Is No General Jurisdiction Over enVista Because enVista Is Not "At Home" In New Jersey.

General jurisdiction exists over a corporate defendant where its "affiliations with the State are so continuous and systematic as to render [it] essentially at home in the forum State." *Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014) (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)). A corporation is "at home" in its place of "incorporation and principal place of business," and therefore, those locations serve as the paradigm bases for general jurisdiction. *Id.* at 137; *see also Rivera v. Loto Grp., LLC*, No. 2:20-cv-4062 (WJM), 2020 WL 7384720, at *1 (D.N.J. Dec. 16, 2020) ("[F]or the purposes of general personal jurisdiction, a limited liability company's citizenship is that of its principal place of business and state of [formation]."). As a result, "it is 'incredibly difficult to establish general jurisdiction [over a

4

corporation] in a forum other than the place of incorporation or principal place of business.'" *Malik v. Cabot Oil & Gas Corp.*, 710 F. App'x 561, 564 (3d Cir. 2017) (quoting *Chavez v. Dole Food Co., Inc.,* 836 F.3d 205, 223 (3d Cir. 2016) (alterations in original)).

Here, the Court does not have general jurisdiction over enVista. Intelligent Audit does not allege that enVista is organized in New Jersey or that enVista's members are citizens of New Jersey. Indeed, enVista is an Indiana limited liability company with its principal place of business in Indiana, Compl.¶ 3, and none of enVista's members are citizens of New Jersey, Compl. ¶ 6. enVista has no connection to New Jersey, and any contact that it has with New Jersey is not so substantial, or continuous and systematic, to render it "at home" in New Jersey. *MaxLite, Inc. v. ATG Elecs., Inc.*, 193 F. Supp. 3d 371, 384 (D.N.J. 2016) (citing *Compagnie des Bauxites de Guinea v. Ins. Co. of N. Am.*, 651 F.2d 877, 890 n.2 (3d Cir. 1981) (finding that general jurisdiction requires "a very high threshold of business activity")). Accordingly, the Court does not have general jurisdiction over enVista. *See id.*

**3. There Is No Specific Jurisdiction Over enVista Because The Complaint Fails To Allege That enVista Engaged In Continuous Or Systematic Conduct In Relation To New Jersey Or Intelligent Audit's Claims.**

Specific jurisdiction arises from "an affiliation between the forum and the underlying controversy," and a district court exercising specific jurisdiction "is confined to adjudication of issues deriving from, or connected with, the very controversy that establishes jurisdiction." *Bristol-Myers Squibb Co. v. Superior Court*, 137 S. Ct. 1773, 1780 (2017) (quoting *Goodyear*, 564 U.S. at 919). For specific jurisdiction to exist, a district court must determine that (i) the defendant "purposefully directed its activities at the forum," (ii) the litigation "arises out of or relates to at least one of those activities," and (iii) the exercise of jurisdiction would "otherwise comport with fair play and substantial justice." *O'Connor*, 496 F.3d at 317.

5

When an intentional tort is alleged, as it is here, courts also apply the *Calder* effects test. *See Calder v. Jones*, 465 U.S. 783 (1984). The *Calder* effects test "can demonstrate a court's jurisdiction over a defendant even when the defendant's contacts with the forum alone [] are far too small to comport with the requirements of due process under our traditional analysis." *Marten v. Godwin*, 499 F.3d 290, 297 (3d Cir. 2007) (internal quotation marks omitted). Under *Calder*, "an intentional tort directed at the plaintiff and having sufficient impact upon (the plaintiff) in the forum may suffice to enhance otherwise insufficient contacts with the forum such that the 'minimum contacts' prong of the Due Process test is satisfied." *IMO Indus.*, 155 F.3d at 260. The *Calder* effects test requires a plaintiff to show that:

> 1) The defendant committed an intentional tort;
>
> 2) The plaintiff felt the brunt of the harm in the forum such that the forum can be said to be the focal point of the harm suffered by the plaintiff as a result of that tort;
>
> 3) The defendant expressly aimed his tortious conduct at the forum such that the forum can be said to be the focal point of the tortious activity[.]

155 F.3d at 265–66 (footnote omitted). The *Calder* effects test requires that a defendant's "conduct and connection with the forum State [must be] such that he should reasonably anticipate being hauled into court there." *Marten*, 499 F.3d at 297 (quoting *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980)). Here, Intelligent Audit is unable to meet the third prong.[2]

For the third prong, a plaintiff must "(1) show that the defendant knew that the plaintiff would suffer the brunt of the harm caused by the tortious conduct in the forum, and (2) point to specific activity indicating that the defendant expressly aimed its tortious conduct at the forum."

---

[2] While enVista's brief only focuses on the third prong, it disputes the first two prongs as well.

6

*MaxLite*, 193 F. Supp. 3d at 388 (quoting *IMO Industries*, 155 F.3d at 266) (internal quotations omitted).

In *Frazier Industrial Co. v. Logrecco*, Civil Action No. 18-12426, 2019 U.S. Dist. LEXIS 112233, at *34 (D.N.J. July 2, 2019), the court held that it did not have personal jurisdiction over the defendant company because the plaintiff could not point to specific activity indicating that the defendant expressly aimed its tortious conduct at the forum. The court held that hiring an employee bound by New Jersey restrictive covenants and allegedly misappropriating trade secrets that originated in New Jersey was insufficient to show that the defendant expressly aimed its alleged tortious interference with the employee's covenant not to compete with the plaintiff in New Jersey. *Id.* at *35–36.

Similarly here, the Complaint fails to allege that by hiring Colomb, who is a citizen of Tennessee, enVista expressly aimed its tortious conduct at New Jersey. The Complaint does not allege that enVista hired Colomb to work, or serve customers, in New Jersey. The Complaint also does not allege that enVista's and Colomb's employment negotiations occurred in New Jersey. Indeed, Colomb never worked in Intelligent Audit's New Jersey office. Colomb Decl. ¶ 1. Intelligent Audit simply argues that enVista's expressly aimed activity at New Jersey was hiring Colomb, who was bound by New Jersey restrictive covenants. These allegations are insufficient to show that enVista expressly aimed its alleged tortious interference with Colomb's restrictive covenants with Intelligent Audit in New Jersey. *See Frazier Indus. Co.*, 2019 U.S. Dist. LEXIS 112233, at *34; *see also Radian Guar. Inc. v. Bolen*, 18 F. Supp. 3d 635, 644 (E.D. Pa. 2014) (finding that the plaintiff failed to meet the third prong because the complaint "fail[ed] to explain how the creation of the [the defendant company's] employment relationship with [the plaintiff's former employee] intentionally targeted or focused on Pennsylvania."). Therefore, Intelligent

7

Audit is unable to establish the third element, and the Court does not have personal jurisdiction over enVista.

### 4. Venue Is Improper

Rule 12(b)(3) authorizes dismissal of an action only when it was filed in an "improper" venue. *Atl. Marine Constr. Co. v. U.S. Dist. Ct. for W. Dist. of Tex.*, 571 U.S. 49, 55 (2013). To determine whether venue is improper, courts generally look to the federal venue statue, which provides that a "civil action may be brought in: (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b). "The venue provision favors the defendant in a venue dispute by requiring that the events or omissions supporting a claim be substantial." *Bockman*, 459 F. App'x at 161 (internal quotations and citations omitted). To determine "whether events or omissions giving rise to the claims are substantial, it is necessary to look at the nature of the dispute." *Cottman Transmission Sys., Inc. v. Martino*, 36 F.3d 291, 295 (3d Cir. 1994).

Under New Jersey law, tortious interference with contractual relations requires the plaintiff establish: (1) the existence of a contract; (2) the defendant actually interfered with the contract; (3) the defendant was not a party to the contract but was rather a third party; (4) the defendant intentionally and unreasonably interfered with the relationship between the contracting parties; and (5) the defendant's conduct caused the plaintiff damage. *Michael Halebian N.J., Inc. v. Roppe Rubber Corp.*, 718 F. Supp. 348, 360 (D.N.J. 1989) (applying New Jersey law). The court may consider multiple factors "in determining whether venue is proper under [Section 1391], including: (1) where the contract was negotiated or executed; (2) where the contract was to be performed;

8

and (3) where the alleged breach occurred. Additionally, where the alleged harm occurred is also relevant for purposes of venue." *Prudential Ins. Co. of Am. v. Figueredo,* No. 06-0693 (HAA), 2007 WL 2752093, at *3 (D.N.J. Sept. 20, 2007) (citation omitted). Where the harm was suffered may be dispositive for the purposes of venue in a case when it is unclear where the contract was negotiated, executed, to be performed, or breached. *Cmty. Surgical Supply of Toms River, Inc. v. Medline DiaMed, LLC*, No. 11-00221, 2011 WL 3235706, at *5 (D.N.J. July 27, 2011).

Here, Intelligent Audit has not plead sufficient facts to show that the contract between Colomb and enVista was negotiated, signed, or broken in New Jersey, or that it was to be performed there. Indeed, enVista is an Indiana limited liability company and none of its members are citizens of New Jersey. And Colomb, a citizen of Tennessee, never worked in Intelligent Audit's New Jersey office. Colomb Decl. ¶ 1. Accordingly, venue is not appropriate with regard to Plaintiff's claim for tortious interference with contractual relations. *See Howmedica Osteonics Corp. v. DJO Glob., Inc.*, No. 16-2330, 2017 WL 1136671, at *4–5 (D.N.J. Mar. 27, 2017) (finding New Jersey was an inappropriate venue for a contract claim when the contract was not signed or performed in New Jersey).

## CONCLUSION

For the foregoing reasons, the Count II of the Complaint against enVista must be dismissed because the Court does not have personal jurisdiction. Moreover, Count II against enVista must be dismissed because the District of New Jersey is an improper venue. As such, the Complaint against enVista must be dismissed in its entirety.

Respectfully Submitted,

DENTONS US LLP

By: */s/ John R. Vales, Esq.*
John R. Vales, Esq.
john.vales@dentons.com

*Attorneys for Defendant enVista, LLC*