UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

Plaintiff,

WAREHOUSE SOLUTIONS INC. d/b/a
INTELLIGENT AUDIT

      vs.

Defendants,

CHRISTOPHER COLOMB and ENVISTA, LLC

CIVIL ACTION NO. 2:21-cv-08942-KM-CLW

**ANSWER, SEPARATE DEFENSES,
REQUEST FOR DISCOVERY,
DESIGNATION OF TRIAL COUNSEL, JURY
DEMAND, REQUEST FOR STATEMENT OF
DAMAGES**

**ELECTRONICALLY FILED**

Defendant Christopher Colomb, by way of Answer to Plaintiff's Complaint, says:

**THE PARTIES**

1.   This Defendant has insufficient knowledge to either admit or deny the allegations contained in this paragraph and therefore denies same, leaving Plaintiff to its proofs.

2.   This Defendant admits the allegations contained in this paragraph.

3.   This Defendant has insufficient knowledge to either admit or deny the allegations contained in this paragraph and therefore denies same, leaving Plaintiff to its proofs.

**JURISDICTION AND VENUE**

4.   This Defendant has insufficient knowledge to either admit or deny the allegations contained in this paragraph and therefore denies same, leaving Plaintiff to its proofs.

5.   The allegations contained in this paragraph call for a legal conclusion and are therefore denied by this Defendant.

6.   This Defendant has insufficient knowledge to either admit or deny the allegations contained in this paragraph and therefore denies same, leaving Plaintiff to its proofs.

7.   This Defendant has insufficient knowledge to either admit or deny the allegations contained in this paragraph and therefore denies same, leaving Plaintiff to its proofs.

8.   The allegations contained in this paragraph call for a legal conclusion and are therefore denied by this Defendant.

**HOAGLAND, LONGO,
MORAN, DUNST &
DOUKAS, LLP**

40 PATERSON STREET
NEW BRUNSWICK, NJ
08901

701 WILTSEY'S MILL ROAD
BLDG. B, SUITE 202
HAMMONTON, NJ 08037

169 MAPLE AVENUE
RED BANK, NJ 07701

1

9.   This Defendant has insufficient knowledge to either admit or deny the allegations contained in this paragraph and therefore denies same, leaving Plaintiff to its proofs.

10.   The allegations contained in this paragraph call for a legal conclusion and are therefore denied by this Defendant.

11.   The agreement between Intelligent Audit and this Defendant is a writing that speaks for itself. To the extent a response is required, this Defendant admits the allegations contained in this paragraph.

## STATEMENT OF FACTS

**I.      Background on Intelligent Audit and its Business**

12.   This Defendant has insufficient knowledge to either admit or deny the allegations contained in this paragraph and therefore denies same, leaving Plaintiff to its proofs.

13.   This Defendant has insufficient knowledge to either admit or deny the allegations contained in this paragraph and therefore denies same, leaving Plaintiff to its proofs.

14.   This Defendant denies the allegations contained in this paragraph.

15.   This Defendant has insufficient knowledge to either admit or deny the allegations contained in this paragraph and therefore denies same, leaving Plaintiff to its proofs.

**II.      Colomb's Employment with Intelligent Audit**

16.   This Defendant admits the allegations contained in this paragraph.

17.   This Defendant has insufficient knowledge to either admit or deny the allegations contained in this paragraph and therefore denies same, leaving Plaintiff to its proofs.

18.   This Defendant denies the allegations contained in this paragraph.

19.   This Defendant denies the allegations contained in this paragraph.

20.   This Defendant denies the allegations contained in this paragraph.

**III.      The Agreement Between Intelligent Audit and Colomb**

21.   The agreement between Intelligent Audit and this Defendant is a writing that speaks for itself. To the extent a response is required, this Defendant denies the allegations contained in this paragraph as they relate to the reason this Defendant entered into an agreement with Intelligent Audit.

22.   This Defendant admits the allegations contained in this paragraph.

**HOAGLAND, LONGO,
MORAN, DUNST &
DOUKAS, LLP**

40 PATERSON STREET
NEW BRUNSWICK, NJ
08901

701 WILTSEY'S MILL ROAD
BLDG. B, SUITE 202
HAMMONTON, NJ 08037

169 MAPLE AVENUE
RED BANK, NJ 07701

23.  This Defendant admits the allegations contained in this paragraph.

24.  The agreement between Intelligent Audit and this Defendant is a writing that speaks for itself. To the extent a response is required, this Defendant denies the allegations contained in this paragraph.

25.  The agreement between Intelligent Audit and this Defendant is a writing that speaks for itself. To the extent a response is required, this Defendant denies the allegations contained in this paragraph.

26.  The agreement between Intelligent Audit and this Defendant is a writing that speaks for itself. To the extent a response is required, this Defendant denies the allegations contained in this paragraph.

27.  The agreement between Intelligent Audit and this Defendant is a writing that speaks for itself. To the extent a response is required, this Defendant admits the allegations contained in this paragraph.

28.  The agreement between Intelligent Audit and this Defendant is a writing that speaks for itself. To the extent a response is required, this Defendant admits the allegations contained in this paragraph.

29.  This Defendant admits the allegations contained in this paragraph.

30.  This Defendant admits the allegations contained in this paragraph.

31.  This Defendant has insufficient knowledge to either admit or deny the allegations contained in this paragraph and therefore denies same, leaving Plaintiff to its proofs.

32.  This Defendant has insufficient knowledge to either admit or deny the allegations contained in this paragraph and therefore denies same, leaving Plaintiff to its proofs.

33.  This Defendant has insufficient knowledge to either admit or deny the allegations contained in this paragraph and therefore denies same, leaving Plaintiff to its proofs.

34.  This Defendant has insufficient knowledge to either admit or deny the allegations contained in this paragraph and therefore denies same, leaving Plaintiff to its proofs.

35.  The Letter is a writing that speaks for itself. To the extent that a response is required, this Defendant admits that this Defendant did receive a letter dated March 30, 2021 and has insufficient knowledge to either admit or deny the remaining allegations contained in this paragraph and therefore denies same, leaving Plaintiff to its proofs.

**HOAGLAND, LONGO,
MORAN, DUNST &
DOUKAS, LLP**

40 PATERSON STREET
NEW BRUNSWICK, NJ
08901

701 WILTSEY'S MILL ROAD
BLDG. B, SUITE 202
HAMMONTON, NJ 08037

169 MAPLE AVENUE
RED BANK, NJ 07701

3

36.   The Letter is a writing that speaks for itself. To the extent that a response is required, this Defendant has insufficient knowledge to either admit or deny the allegations contained in this paragraph and therefore denies same, leaving Plaintiff to its proofs.

37.   This Defendant admits the allegations contained in this paragraph.

38.   This Defendant admits the allegations contained in this paragraph.

**COUNT ONE**
**BREACH OF CONTRACT**
**(Against Chris Colomb)**

39.   This Defendant admits the allegations contained in this paragraph.

40.   This Defendant has insufficient knowledge to either admit or deny the allegations contained in this paragraph and therefore denies same, leaving Plaintiff to its proofs.

41.   The allegations contained in this paragraph call for a legal conclusion and are therefore denied by this Defendant.

42.   This Defendant has insufficient knowledge to either admit or deny the allegations contained in this paragraph and therefore denies same, leaving Plaintiff to its proofs.

43.   This Defendant denies the allegations contained in this paragraph.

44.   This Defendant denies the allegations contained in this paragraph.

45.   This Defendant has insufficient knowledge to either admit or deny the allegations contained in this paragraph and therefore denies same, leaving Plaintiff to its proofs.

**WHEREFORE**, Defendant Chris Colomb demands judgment:

A.   Dismissing all claims and causes of action against this Defendant;

B.   Awarding counsel fees and costs of suit to this Defendant; and

C.   All other relief that this court may deem appropriate and equitable in the interest of justice.

**COUNT TWO**
**TORTIOUS INTERFERENCE WITH CONTRACTUAL RELATIONS**
**(Against enVista, LLC)**

46.   This Defendant admits the allegations contained in the paragraph.

**HOAGLAND, LONGO, MORAN, DUNST & DOUKAS, LLP**

40 PATERSON STREET
NEW BRUNSWICK, NJ 08901

701 WILTSEY'S MILL ROAD
BLDG. B, SUITE 202
HAMMONTON, NJ 08037

169 MAPLE AVENUE
RED BANK, NJ 07701

47. This Defendant has insufficient knowledge to either admit or deny the allegations contained in this paragraph and therefore denies same, leaving Plaintiff to its proofs.

48. This Defendant has insufficient knowledge to either admit or deny the allegations contained in this paragraph and therefore denies same, leaving Plaintiff to its proofs.

49. This Defendant has insufficient knowledge to either admit or deny the allegations contained in this paragraph and therefore denies same, leaving Plaintiff to its proofs.

50. This Defendant has insufficient knowledge to either admit or deny the allegations contained in this paragraph and therefore denies same, leaving Plaintiff to its proofs.

51. This Defendant has insufficient knowledge to either admit or deny the allegations contained in this paragraph and therefore denies same, leaving Plaintiff to its proofs.

52. This Defendant has insufficient knowledge to either admit or deny the allegations contained in this paragraph and therefore denies same, leaving Plaintiff to its proofs.

53. This Defendant denies the allegations contained in this paragraph.

54. This Defendant denies the allegations contained in this paragraph.

55. This Defendant has insufficient knowledge to either admit or deny the allegations contained in this paragraph and therefore denies same, leaving Plaintiff to its proofs.

56. This Defendant denies the allegations contained in this paragraph.

**WHEREFORE**, Defendant Chris Colomb demands judgment:

D.   Dismissing all claims and causes of action against this Defendant;

E.   Awarding counsel fees and costs of suit to this Defendant; and

F.   All other relief that this court may deem appropriate and equitable in the interest of justice.

## SEPARATE DEFENSES

## FIRST SEPARATE DEFENSE

Any Non-Compete and/or Non-Solicitation Agreement entered into by this Defendant is invalid as against public policy.

**HOAGLAND, LONGO, MORAN, DUNST & DOUKAS, LLP**

40 PATERSON STREET
NEW BRUNSWICK, NJ 08901

701 WILTSEY'S MILL ROAD
BLDG. B, SUITE 202
HAMMONTON, NJ 08037

169 MAPLE AVENUE
RED BANK, NJ 07701

5

### SECOND SEPARATE DEFENSE

Any Non-Compete and/or Non-Solicitation Agreement entered into by this Defendant is invalid as it imposes undue hardship on this Defendant.

### THIRD SEPARATE DEFENSE

Any Non-Compete and/or Non-Solicitation Agreement entered into by this Defendant is invalid as it does not protect the legitimate interests of the Plaintiff.

### FOURTH SEPARATE DEFENSE

Any Non-Compete and/or Non-Solicitation Agreement entered into by this Defendant is invalid as the scope of same is unreasonable.

### FIFTH SEPARATE DEFENSE

Any Non-Compete and/or Non-Solicitation Agreement entered into by this Defendant is invalid as same is not reasonably limited in scope of activity.

### SIXTH SEPARATE DEFENSE

Any Non-Compete and/or Non-Solicitation Agreement entered into by this Defendant is invalid as same is not reasonably limited in time.

### SEVENTH SEPARATE DEFENSE

Any Non-Compete and/or Non-Solicitation Agreement entered into by this Defendant is invalid as same is not reasonably limited in area.

### EIGHTH SEPARATE DEFENSE

If Plaintiff suffered damages, the same were caused by Plaintiff's sole negligence.

### NINTH SEPARATE DEFENSE

If Plaintiff suffered damages, the same were caused by third persons over whom this Defendant had no control.

### TENTH SEPARATE DEFENSE

Plaintiff's Complaint fails to state a cause of action upon which relief can be granted.

### ELEVENTH SEPARATE DEFENSE

Plaintiff's cause of action is barred by the applicable Statute of Limitations and/or Repose.

**HOAGLAND, LONGO, MORAN, DUNST & DOUKAS, LLP**

40 PATERSON STREET
NEW BRUNSWICK, NJ 08901

701 WILTSEY'S MILL ROAD
BLDG. B, SUITE 202
HAMMONTON, NJ 08037

169 MAPLE AVENUE
RED BANK, NJ 07701

**TWELFTH SEPARATE DEFENSE**

This Defendant did not violate any duty owed to Plaintiff under common law, statute, regulations or standards.

**THIRTEENTH SEPARATE DEFENSE**

The conduct of this Defendant was not the proximate cause of Plaintiff's alleged damages.

**FOURTEENTH SEPARATE DEFENSE**

The alleged damages complained of were due to unavoidable circumstances and causes beyond the control or fault of this Defendant.

**FIFTEENTH SEPARATE DEFENSE**

Plaintiff breached the contract with this Defendant and is barred from any damages claimed.

**SIXTEENTH SEPARATE DEFENSE**

Plaintiff failed to comply with the specific provisions of the contract and is barred from pursuing any claim for damages sought.

**SEVENTEENTH SEPARATE DEFENSE**

The contract under which Plaintiff sues is voidable by the Doctrine of Mutual Mistake of Fact.

**EIGHTEENTH SEPARATE DEFENSE**

The contract under which Plaintiff sues is barred by the contract violation of public policy.

**NINETEENTH SEPARATE DEFENSE**

Plaintiff's Complaint is barred in whole or in part by reason of the unconscionable contract.

**TWENTIETH SEPARATE DEFENSE**

Any and all alleged damages sustained by Plaintiff, if any, were the result of its own conduct, actions and/or omissions.

**TWENTY-FIRST SEPARATE DEFENSE**

Any and all alleged damages sustained by Plaintiff, if any, were the result of actions and/or omissions of persons and/or entities for whom this Defendant is not responsible or liable.

**TWENTY-SECOND SEPARATE DEFENSE**

Plaintiff has failed to mitigate its damages, if any.

**HOAGLAND, LONGO, MORAN, DUNST & DOUKAS, LLP**

40 PATERSON STREET
NEW BRUNSWICK, NJ 08901

701 WILTSEY'S MILL ROAD
BLDG. B, SUITE 202
HAMMONTON, NJ 08037

169 MAPLE AVENUE
RED BANK, NJ 07701

## TWENTY-THIRD SEPARATE DEFENSE

This Defendant acted in good faith, without malice, and with the reasonable belief that his actions were reasonable under the existing facts and circumstances.

## TWENTY-FOURTH SEPARATE DEFENSE

Pursuant to N.J.S.A. 2A:15-59.1, this matter is a frivolous suit and this Defendant should be entitled to damages for defending same.

## TWENTY-FIFTH SEPARATE DEFENSE

Plaintiff's Complaint is barred by the Doctrine of Laches and Estoppel.

## TWENTY-SIXTH SEPARATE DEFENSE

Plaintiff's Complaint is barred by the Doctrine of Unclean Hands.

## TWENTY-SEVENTH SEPARATE DEFENSE

Plaintiff's Complaint is barred by the Doctrine of Waiver.

## TWENTY-EIGHTH SEPARATE DEFENSE

This Defendant denies that Plaintiff has suffered any losses or damages; in any event, any losses or damages sustained by Plaintiff are de minimis, remote, speculative, and/or transient and, hence, are not cognizable at law.

## TWENTY-NINTH SEPARATE DEFENSE

Plaintiff's cause of action should be dismissed in the State of New Jersey based on the Doctrine of Forum non Conveniens.

## THIRTIETH SEPARATE DEFENSE

The Court lacks jurisdiction over the person of this Defendant.

## THIRTY-FIRST SEPARATE DEFENSE

The Court lacks jurisdiction over the subject matter of this action.

## THIRTY-SECOND SEPARATE DEFENSE

Venue of this action is improper and this Defendant reserves the right to move for transfer.

**HOAGLAND, LONGO, MORAN, DUNST & DOUKAS, LLP**

40 PATERSON STREET
NEW BRUNSWICK, NJ 08901

701 WILTSEY'S MILL ROAD
BLDG. B, SUITE 202
HAMMONTON, NJ 08037

169 MAPLE AVENUE
RED BANK, NJ 07701

## REQUEST FOR DISCOVERY

**PLEASE TAKE NOTICE** that demand is hereby made of Plaintiff for complete compliance with Rule 26, for all discovery items/documentation.

## DESIGNATION OF TRIAL COUNSEL

Be advised that **Robert G. Kenny, Esq.** has been designated as trial counsel on behalf of Defendant Christopher Colomb in the above-captioned matter.

## JURY DEMAND

Defendant Christopher Colomb hereby demands a trial by jury in accordance with Federal Rule of Civil Procedure 38.

## REQUEST FOR STATEMENT OF DAMAGES

**PLEASE TAKE NOTICE** that in accordance with Local Civil Rule 8.1, the undersigned requests that within ten (10) days of service hereof upon you, you serve upon us a written statement of the amount of damages claimed in this action against this Defendant, and against all defendants, if these amounts differ.

## CERTIFICATION OF PERSONAL IDENTIFIERS

In accordance with Rule 5.2 and District Court of New Jersey Electronic Case Filing Policy and Procedure 17, I hereby certify that no confidential personal identifiers are contained in the papers now being submitted to the Court.

## CERTIFICATION OF OTHER PROCEEDINGS

I hereby certify that the matter in controversy is not the subject of any other civil action or arbitration proceeding, now or contemplated, and that at this time no other parties should be joined in this action.

HOAGLAND, LONGO, MORAN, DUNST & DOUKAS, LLP
Attorneys for Defendant Christopher Colomb

By: _____
ROBERT G. KENNY

Dated: June 18, 2021

**HOAGLAND, LONGO, MORAN, DUNST & DOUKAS, LLP**

40 PATERSON STREET
NEW BRUNSWICK, NJ 08901

701 WILTSEY'S MILL ROAD
BLDG. B, SUITE 202
HAMMONTON, NJ 08037

169 MAPLE AVENUE
RED BANK, NJ 07701

9

**PROOF OF MAILING**

I, **Robert G. Kenny, Esq.**, hereby certify that on this date that I served via electronic filing, a true and accurate copy of the within Answer to Plaintiff's Complaint on behalf of Defendant Christopher Colomb to the following:

> Mr. William T. Walsh
> Clerk, United States District Court
> Martin Luther King, Jr. Federal Building and US Courthouse
> 50 Walnut Street
> Newark, NJ 07102

I hereby certify that on this date that I served via electronic mail, a true and accurate copy of the within Answer to Plaintiff's Complaint on behalf of Defendant Christopher Colomb to the following:

> John Vales, Esq.
> Dentons US, LLP
> 101 JFK Parkway
> Short Hills, NJ 07078
> Attorney(s) for Defendant
> en Vista, LLC

> James Boyan, III, Esq.
> Pashman Stein Walder Hayden, P.C.
> Court Plaza South
> 21 Main Street, Suite 200
> Hackensack, NJ 07601
> Attorney(s) for Plaintiff
> Warehouse Solutions, Inc. d/b/a Intelligent Audit

I certify that the foregoing statements made by me are true.  I am aware that if any of the statements made by me are willfully false, I am subject to punishment.

HOAGLAND, LONGO, MORAN, DUNST & DOUKAS, LLP
Attorneys for Defendant Christopher Colomb

By: _____
ROBERT G. KENNY

Dated:  June 18, 2021

**HOAGLAND, LONGO,
MORAN, DUNST &
DOUKAS, LLP**

40 PATERSON STREET
NEW BRUNSWICK, NJ
08901

701 WILTSEY'S MILL ROAD
BLDG. B, SUITE 202
HAMMONTON, NJ 08037

169 MAPLE AVENUE
RED BANK, NJ 07701