UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| WAREHOUSE SOLUTIONS INC. d/b/a INTELLIGENT AUDIT,<br><br>    Plaintiff,<br><br>    v.<br><br>CHRISTOPHER COLOMB and ENVISTA, LLC,<br><br>    Defendants. | Civ. No. 21-cv-08942 (KM) (CLW)<br><br>**OPINION** |

**KEVIN MCNULTY, U.S.D.J.:**

    Christopher Colomb was employed by Warehouse Solutions Inc. (which does business as "Intelligent Audit"). His employment contract included, among other provisions, a non-compete clause. In March 2021, he resigned his employment and went to work for enVista, LLC, a competitor of Intelligent Audit, located in Indiana. Intelligent Audit sued Colomb for breach of contract and enVista for tortious interference. Now, enVista moves to dismiss the tortious interference claim, asserting that this court does not have personal jurisdiction over it and that venue is improper. (DE 7.)[1] Intelligent Audit opposes the motion and requests jurisdictional discovery. (DE 14.) For the following reasons, enVista's motion to dismiss is **DENIED** as presented, and Intelligent Audit's request for jurisdictional discovery is granted. The motion may later be refiled to be decided with the benefit of discovery.

---

[1]     Certain citations to the record are abbreviated as follows:
    DE = docket entry
    Compl. = Complaint (DE 1)
    Mot. = enVista's motion to dismiss (DE 7)
    Opp. = Intelligent Audit's opposition to the motion to dismiss (DE 14)

I.  **BACKGROUND**

Intelligent Audit is a New Jersey-based supply chain services company that aims to help its clients reduce transportation costs. (Compl. ¶ 1, 12–13.) In September 2020, Christopher Colomb began working at Intelligent Audit as Director of Global Implementations. (*Id.* ¶ 16.) Colomb was and remains a resident of Tennessee. (*Id.* ¶ 2.) Because Colomb had access to proprietary information in this position, Intelligent Audit included, as part of his employment contract, several restrictive provisions which are at issue in this lawsuit, including non-compete, non-disclosure, and non-solicitation provisions. (*Id.* ¶ 18–27; *Id.*, Ex. A.) The contract also included a choice of law and forum selection clause which stated that all lawsuits related to the contract would take place in state or federal court in New Jersey. (*Id.* ¶ 28.)

In March 2021, approximately six months after he began working at Intelligent Audit, Colomb accepted a position at enVista, which is based in Indiana. (*Id.* ¶ 3, 29.) enVista, like Intelligent Audit, is in the supply chain services business and allegedly competes with Intelligent Audit. (*Id.* ¶ 31–33.) Colomb was hired to work as the product manager for enVista's product myShipINFO®, which is a "global freight audit and payment solution." (*Id.* ¶ 33–34.) Upon learning that Colomb was poised to take a job with a competitor, and thus violate his employment contract with Intelligent Audit, Intelligent Audit sent letters to Colomb and to enVista informing them of Colomb's duties under the contract. (*Id.* ¶ 35-36, 48; *id.*, Exs. B, C.) Colomb did not respond to the letter, but enVista responded and requested more information about the contract, which Intelligent Audit provided. (*Id.* ¶ 37, 49–52.)

Colomb's start date at enVista was April 12, 2021, and on that same day, Intelligent Audit filed this lawsuit. (*Id.* ¶ 51.) Intelligent Audit brings one claim against Colomb for breach of contract and one claim against enVista for tortious interference with contractual relations. The complaint seeks both damages and equitable relief. (*Id.* ¶ 39-56.) Now, enVista moves to dismiss, claiming that this court lacks personal jurisdiction over it and that venue is

improper. (Mot. at 5–10.) Intelligent Audit has filed a brief in opposition to the motion to dismiss and requested jurisdictional discovery. (Opp. at 10–15.) enVista filed a reply. (DE 15.)

## II.  STANDARD OF REVIEW

On a Rule 12(b)(2) motion, the plaintiff bears the burden of establishing sufficient facts to show that jurisdiction exists. *Marten v. Godwin*, 499 F.3d 290, 295–96 (3d Cir. 2007). Initially, a court must accept the plaintiff's allegations as true and construe disputed facts in favor of the plaintiff. *Pinker v. Roche Holdings, Ltd.*, 292 F.3d 361, 368 (3d Cir. 2002). Where factual allegations are disputed, however, "the plaintiff must sustain its burden of proof in establishing jurisdictional facts through sworn affidavits or other competent evidence." *Patterson v. FBI*, 893 F.2d 595, 603–04 (3d Cir. 1990) (citation omitted). If the district court does not hold an evidentiary hearing, "the plaintiff need only establish a prima facie case of personal jurisdiction." *O'Connor v. Sandy Lane Hotel Co.*, 496 F.3d 312, 316 (3d Cir. 2007).

## III.  DISCUSSION

The issue relevant at this stage is whether this court has personal jurisdiction over enVista. A federal court may exercise personal jurisdiction over a defendant to the extent authorized by state law. Fed. R. Civ. P. 4(k)(1)(A). New Jersey provides for jurisdiction coextensive with constitutional due process. *Miller Yacht Sales, Inc. v. Smith*, 384 F.3d 93, 96 (3d Cir. 2004) (citing N.J. Ct. R. 4:4-4). Due process allows for general or specific jurisdiction. *Danziger & De Llano, LLP v. Morgan Verkamp LLC*, 948 F.3d 124, 129 (3d Cir. 2020). Plaintiffs do not argue that the Court has general jurisdiction (Opp. at 1), so I focus on specific jurisdiction.[2]

---

[2]  In any event, the Court lacks general jurisdiction over enVista. A court may exercise general jurisdiction over a corporation when the corporation has "continuous and systematic contacts with the forum state" such that it is "essentially at home" there. *Chavez v. Dole Food Co.*, 836 F.3d 205, 223 (3d Cir. 2016) (en banc) (cleaned up). A corporation is "at home" at least, and usually only, where it is incorporated or has its principal place of business. *Id.* (citation omitted). enVista is a limited liability

A court has specific jurisdiction when the defendant has sufficient contacts with the forum, and plaintiff's claims "arise out of or relate to" those contacts. *Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct.*, 141 S. Ct. 1017, 1025, (2021) (citation omitted). To unpack and apply that principle, the Third Circuit uses a three-part test, requiring the plaintiff to show that (1) the defendant purposefully available itself of the forum, (2) the claims arise out of or relate to at least one of the defendant's activities, and (3) exercising personal jurisdiction comports with fair play and substantial justice. *O'Connor*, 496 F.3d at 317.

When an intentional tort is alleged, as it is in this case, a slight variation from the *O'Connor* three-part test, known as the *Calder* effects test, applies. *O'Connor*, 496 F.3d at 317 n. 2. This test stems from the Supreme Court's decision in *Calder v. Jones*, 465 U.S. 783 (1984), which held that a California court had personal jurisdiction over the National Enquirer for publishing an article that allegedly defamed a California resident. Even though the National Enquirer was headquartered in Florida, the court found that it was subject to suit in California because its "intentional conduct in Florida calculated to cause injury to respondent in California." *Id.* at 791. The *Calder* effects test "can demonstrate a court's jurisdiction over a defendant even when the defendant's contacts with the forum alone [] are far too small to comport with the requirements of due process under our traditional analysis." *Marten*, 499 F.3d at 297 (internal quotation marks omitted).[3] Under *Calder*, "an intentional tort directed at the plaintiff and having sufficient impact upon [the plaintiff] in the forum may suffice to enhance otherwise insufficient contacts with the forum such that the 'minimum contacts' prong of the Due Process test is satisfied." *IMO Indus., Inc. v. Kiekert AG*, 155 F.3d 254, 260 (3d Cir. 1998). In

---

company with its principal place of business in Indiana and there is no evidence or even indication it is "at home" in New Jersey. (Compl. ¶ 3.)

[3] Of course, if the plaintiff can demonstrate that the defendant has sufficient contacts with the state under the *O'Connor* test, that is sufficient to support personal jurisdiction regardless of the *Calder* effects test analysis.

4

*IMO Industries*, The Third Circuit applied that *Calder* effects test and held that it requires a plaintiff to show that:

> (1) The defendant committed an intentional tort; (2) The plaintiff felt the brunt of the harm in the forum such that the forum can be said to be the focal point of the harm suffered by the plaintiff as a result of that tort; (3) The defendant expressly aimed his tortious conduct at the forum such that the forum can be said to be the focal point of the tortious activity[.]

155 F.3d at 265–66 (footnote omitted). The *Calder* effects test, as interpreted by the Third Circuit, requires that a defendant's "conduct and connection with the forum State [must be] such that he should reasonably anticipate being haled into court there." *Marten*, 499 F.3d at 297 (quoting *World–Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980)).

Because it is clear that enVista has allegedly committed an intentional tort and that Intelligent Audit felt the brunt of that tort in New Jersey, the parties focus their arguments on the third element of the *Calder* effects test. In *IMO Industries*, the Third Circuit stated that this third factor of the *Calder* effects test required that a plaintiff: (1) "show that the defendant *knew* that the plaintiff would suffer the brunt of the harm caused by the tortious conduct in the forum," and (2) "point to specific activity indicating that the defendant *expressly aimed* its tortious conduct at the forum." *Id.* (emphasis added); *see also Vizant Techs., LLC v. Whitchurch*, 97 F.Supp.3d 618, 632 (E.D. Pa. 2015) (finding the third prong met when "defendants not only knew that their conduct would cause harm to an entity located in [the forum], but also engaged in that conduct intentionally, with the goal of causing said harm").

I am not prepared to find on the face of the pleadings that enVista knew of the harm and that, merely by hiring Colomb despite his non-compete, it "expressly aimed its tortious conduct" at New Jersey. As explained below, however, I find that Intelligent Audit has pleaded facts with sufficient particularity to justify jurisdictional discovery.

Plaintiffs rely heavily on *MaxLite, Inc. v. ATG Elecs., Inc.*, 193 F. Supp. 3d 371 (D.N.J. 2016). In a similar factual situation, the court in *MaxLite* found

5

that it had personal jurisdiction over the defendant. Importantly, in both *MaxLite* and this case, the employee's non-compete agreement included a forum selection clause of which the defendant company was aware, making it foreseeable that the defendant could be haled into court in New Jersey. *Id.* at 390. Foreseeability alone, however, cannot establish personal jurisdiction, *Walden v. Fiore*, 571 U.S. 277, 289–90, and there is a key distinction that plaintiffs ignore: In *MaxLite* the plaintiff alleged facts showing that the defendant had hired MaxLite's former employees specifically "in an effort to increase its sales in New Jersey, allegedly utilizing MaxLite's confidential information in the process." *MaxLite*, 193 F. Supp 3d at 390.[4] Here, plaintiff has not alleged that enVista hired Colomb for any reason relating to New Jersey. In fact, it is not alleged that Colomb, a Tennessee resident, has ever even entered the State of New Jersey.[5]

Intelligent Audit has, quite properly, included a short and plain statement of facts in its complaint. enVista has attached affidavits to its motion. (DE 7) Nevertheless, where "there has not been discovery or an evidentiary hearing, the plaintiff receives the benefit of what amounts to a Rule 12(b)(6) standard." *Murphy v. Eisai, Inc.*, 503 F. Supp. 3d 207, 214 (D.N.J. 2020). Because Intelligent Audit's allegation and evidence "suggest with

---

[4] In addition, the court found that ATG had a number of other contacts with New Jersey, including sending representatives to trade shows here and selling $145,000 worth of products in a four-year period. *MaxLite*, 193 F. Supp at 390.

The court in *MaxLite* discussed at length a First Circuit case, *Astro-Med, Inc. v. Nihon Kohden Am., Inc.*, 591 F.3d 1, 10 (1st Cir. 2009). In that case, the First Circuit upheld the Rhode Island district court's decision to exercise jurisdiction in a tortious interference case, finding that the defendant had purposefully availed itself of Rhode Island by knowingly hiring an employee with a non-compete clause in his employment contract, and thus foreseeably being subject to suit in Rhode Island. *Astro-Med* is not binding precedent and does not analyze the *Calder* factors in any depth, but it does indicate that at least one circuit has found that knowledge and foreseeability is enough to exercise jurisdiction over a defendant.

[5] Though his employment contract does contain a forum selection clause. *See Atl. Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. of Texas*, 571 U.S. 49, 63 (2013).

reasonable particularity the possible existence of the requisite contacts between [enVista] and the forum state, [Intelligent Audit's] right to conduct jurisdictional discovery should be sustained." *Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 456 (3d Cir. 2003) (cleaned up); *see also Shuker v. Smith & Nephew, PLC*, 885 F.3d 760, 781 (3d Cir. 2018). A grant of jurisdictional discovery lies within a district court's discretion, guided as always by the relevant legal standards. *SoftwareArt Corp. v. Satyajit Gopalakrishnan*, 2008 WL 2876395, at *3 (D.N.J. July 22, 2008) (citing *Mass. Sch. of Law at Andover, Inc. v. Am. Bar Ass'n*, 107 F.3d 1026, 1042 (3d Cir. 1997)); *Rakoff v. St. Clair, CPAS, P.C.*, 2013 WL 1007330, at *9 (D.N.J. Mar. 12, 2013) (jurisdictional discovery should be "freely granted" and its scope is firmly within a district court's discretion).

  The jurisdictional discovery will focus on the issue of whether this court has personal jurisdiction over enVista. Without strictly confining the scope of discovery, I see two important areas for exploration. First, Intelligent Audit may seek information about whether Colomb's hiring related to any attempt of enVista to target New Jersey, including increasing its sales in the state. Second, Intelligent Audit can seek discovery related to enVista's contacts with New Jersey generally, including the amount of sales it makes here and any other ways it has purposely availed itself of the laws of this State. The development of a fuller factual record will supplement any reliance on the bare theory that interference with a contract connected to New Jersey is sufficient to support personal jurisdiction.

  Because I find that jurisdictional discovery is necessary, I will not now further address whether exercising personal jurisdiction would comport with traditional notions of fair play and substantial justice and will not consider whether venue should be transferred.

## IV. CONCLUSION

For the reasons set forth above, enVista's motion to dismiss (DE 7) is DENIED as presented, without prejudice. Intelligent Audit's request for jurisdictional discovery (DE 14) is GRANTED. A separate order will issue.

Dated: November 1, 2021

/s/ Kevin McNulty

_____

**Hon. Kevin McNulty**
**United States District Judge**